IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 2:21-cv-00034-FL

Lillie Brown Clark,
as the Administrator for the
Estate of Andrew Brown, Jr.,

    Plaintiff,

Investigator Daniel Meads; Deputy, et al

    Defendants.

_____/

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RELEASE SBI REPORT NO. 2021-01180

Comes Now Lillie Brown Clark, as the Administrator for the Estate of Andrew Brown, Jr., though her undersigned counsel, files this Reply to Defendants' Response to Plaintiff's Motion to Release SBI Report No. 2021-01180. The Plaintiff shows the Court the following:

## ARGUMENT AND AUTHORITY

First and foremost, the Plaintiff has no opposition to the Defendants' proposed protective order. With the exception that the Defendants wish to add language to paragraph 6 of the Plaintiff's proposed order, ***that comments to the news media about the contents of the SBI report are not for "prosecuting or***

*defending the action."* This Court should recognize the Defendants' attempt to add the above language in a protective order, as an overreaching effort to stifle, hinder and block public access to this case during litigation and to prevent the Plaintiff, through her counsel, to limit actions permissible under Rule 3.6 of North Carolina Rule of Professional Conduct, such as the ability speak to the media concerning (1) the claim, offense or defense involved and, except when prohibited by law, the identity of the persons involved; (2) the information contained in a public record; (3) that an investigation of a matter is in progress; (4) the scheduling or result of any step in litigation; (5) a request for assistance in obtaining evidence and information necessary thereto. Essentially, the Defendants want this Court to issue a "gag order" that is inconsistent with actions permissible under Rule 3.6 of North Carolina Rule of Professional Conduct.

A. **Public Interest**

This case is of great public interest and impacts the lives of so many people in our nation. The killings of unarmed black man at the hands of law enforcement, has been a spreading stain in this county for a very longtime. We reiterate what the Fourth Circuit held in Estate of Jones v. City of Martinsburg concerning the killings of unarmed black men at the hands of law enforcement in our county,

> Wayne Jones was killed just over one year before the Ferguson, Missouri shooting of Michael Brown would once again draw national scrutiny to police shootings of black people in the United States. Seven

years later, we are asked to decide whether it was clearly established that five officers could not shoot a man 22 times as he lay motionless on the ground. Although we recognize that our police officers are often asked to make split-second decisions, we expect them to do so with respect for the dignity and worth of black lives. Before the ink dried on this opinion, the FBI opened an investigation into yet another death of a black man at the hands of police, this time George Floyd in Minneapolis. This has to stop.

Estate of Jones v. City of Martinsburg, 961 F.3d 661, 673 (4th Cir. 2020).

The Fourth Circuit, held in In re Murphy-Brown, LLC,

> This case is about their lives and their livelihoods. Whatever differences the parties and their supporters have, they possess in common a passionate First Amendment interest in debating their futures. It seems very wrong that a court would take that from them.

907 F.3d 788, 802 (4th Cir. 2018).

It is undisputed, that the killing of Andrew Brown, Jr. on April 21, 2021, has acquired national and international interest and attention. In fact, the killing of Andrew Brown has its own Wikipedia page.[1] Similar to In re Murphy-Brown, LLC, this case is also about the lives and the livelihoods of so many in our nation. This case has added to the national debate regarding an unarmed black man being killed at the hands of law enforcement in our county. Even on today the national headlines are inundated with hate crime convictions of three men who killed Ahmaud Arbery.[2] The Defendants' asserts in their response that Plaintiff's attorneys want to publicly

---

[1] https://en.wikipedia.org/wiki/Killing_of_Andrew_Brown_Jr.
[2] https://www.usatoday.com/story/news/nation/2022/02/22/ahmaud-arbery-killers-hate-crime-conviction-what-means-race-justice/6892124001/?gnt-cfr=1

comment on the contents of the SBI report and/or videos contained therein once they obtain them. However, the Defendants' assertions grossly misguided by their own speculation. As stated above, Plaintiff through her counsel, are permitted to speak to the media about matters that are permissible under Rule 3.6 of North Carolina Rule of Professional Conduct. Although, Defendants do not specifically say they are seeking a gag order in their response, it's very clear that a gag order is what Defendants desire by attempting to add the above language in a protective order to stop Plaintiff's counsel from making comments about evidence within the SBI report once that evidence become part of the public record. Notably, almost all the evidence in this case is within the SBI report.

### B. Likelihood of Amending Complaint

Further, the Defendants stated that they are baffled that the Plaintiff would have to amend her complaint after obtaining the SBI report. The root of the Defendants' bafflement is nonsensical, considering the Plaintiff only had limited access to the SBI report prior to amending her complaint. Further, all litigants reserve the right to amend pleadings once additional information is received during discovery that will either strengthen existing claims, support new claims or defenses. Here, Plaintiff intends on amending her allegations and possibly adding defendants once she has unfettered access to the SBI report. Pursuant to Rule 3.6 of North Carolina Rule of Professional Conduct, the parties are permitted to address the media

or public of those new allegation, claims, defense, and defendants, because said information would be contained in a public record. As previously stated, the Defendants proposed language to add to paragraph 6 of the Plaintiff's proposed order is tantamount to a gag order that is inconsistent with Rule 3.6 of North Carolina Rule of Professional Conduct and would prevent parties from addressing the public and media on matters that are within the public record. Such order would be in contravention of Rule 3.6 of North Carolina Rule of Professional Conduct and the Fourth Circuit holding in <u>Estate of Jones v. City of Martinsburg</u>.

## CONCLUSION

For these reasons and authorities cited herein, Plaintiff respectfully request that the Court deny Defendants' request to add "***that comments to the news media about the contents of the SBI report are not for "prosecuting or defending the action"***, in any protective order that the parties and the SBI enters into for the release of the SBI report.

Respectfully submitted this 24th day of February 2022

/s/Harry M. Daniels
Harry M. Daniels
The Law Offices of Harry M. Daniels, LLC
233 Peachtree St. NE Ste. 1200
Atlanta, GA 30303
Tel. 678.664.8529
Fax. 800.867.5248
daniels@harrymdaniels.com

Georgia Bar No.: 234158

Special Appearance of counsel for Plaintiff in the above captioned matter, in accordance with Local Civil Rule 83.1(d)

/s/Chantel Cherry-Lassiter
Chantel Cherry-Lassiter
CCL LAW OFFICE, PLLC.
1851 W. Ehringhaus St. #136
Elizabeth City, NC 27909
Tel. 252.999.8380
Fax. 252.999.8390
chantelcherrylassiter@ccllaw.org
NC Bar No.: 54245

Local Counsel Rule 83.1(d) Counsel for Plaintiff

/s/Chance D. Lynch
Chance D. Lynch
LYNCH LAW, PLLC.
227 West 4th Street Suite 229
Charolotte NC 28206
Tel. 980.800.6654
Fax. 252.565.0102
chancelynch@lynchlaw.org
NC Bar No.: 39872

Local Counsel Rule 83.1(d) Counsel for Plaintiff

/s/Bakari Sellers
STROM LAW FIRM
6923 N. Trenholm Road
Columbia, SC 29206
Tel. 803.252.4800
bsellers@stromlaw.com
South Carolina Bar No.:79714

Special Appearance of counsel for Plaintiff in the above captioned matter, in accordance with Local Civil Rule 83.1(d)

CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2022, I electronically filed the foregoing PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO RELEASE SBI REPORT NO. 2021-01180 with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Christopher J. Geis
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston Salem, NC 27101
336-721-3543
Fax: 336-726-2221
Email: Chris.Geis@wbd-us.com

Ripley Eagles Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27602
919-755-8125
Fax: 919-755-6752
Email: Ripley.Rand@wbd-us.com

Sonny S. Haynes
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Email Sonny.Haynes@wbd-us.com

Dan McCord Hartzog , Jr.
Hartzog Law Group LLP
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608

919-480-2450
Fax: 919-480-2450
Email: dhartzogjr@hartzoglawgroup.com

Katherine Barber-Jones
Hartzog Law Group LLP
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
919-424-0091
Fax: 919-424-0091
Email: kbarber-jones@hartzoglawgroup.com

Frederick Hughes Bailey, III
Sumrell Sugg
416 Pollock Street
New Bern, NC 28560
252-633-3131
Fax: 252-633-3507
Email: fbailey@nclawyers.com

Ryan David Eubanks
Sumrell Sugg
416 Pollock Street
New Bern, NC 28560
252-633-3131
Fax: 252-633-3507
Email: reubanks@nclawyers.com

Scott C. Hart
Sumrell Sugg
416 Pollock Street
New Bern, NC 28560
252-633-3131
Fax: 252-633-3507
Email: shart@nclawyers.com

Norwood P. Blanchard , III
Crossley McIntosh Collier Hanley & Edes, PLLC
5002 Randall Parkway
Wilmington, NC 28403

910-762-9711  
Fax: 910-256-0310  
Email: norwood@cmclawfirm.com

/s/Harry M. Daniels  
Harry M. Daniels  
The Law Offices of Harry M. Daniels, LLC  
233 Peachtree St. NE, Ste. 1200  
Atlanta, GA 30303  
Tel. 678.664.8529  
Fax. 800.867.5248  
daniels@harrymdaniels.com  
Georgia Bar No.: 234158