IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 2:21-CV-00034-FL

**Lillie Brown Clark**, as the Administrator of the Estate of Andrew Brown, Jr.,

Plaintiff,

v.

**Daniel Meads**, et al.,

Defendants.

**Order**

Defendants have asked the court to strike a reply brief filed by Plaintiff Lillie Brown Clark, arguing that it violates the court's local rules. D.E. 87. They say that since the underlying motion was a discovery motion, the Local Civil Rules do not allow parties to file a reply brief. They ask the court to strike the reply brief from the docket. Brown Clark disagrees. She argues that the motion underlying her reply, which seeks an order authorizing the release of a report from the North Carolina State Bureau of Investigation, is not a discovery motion.

Under the court's Local Civil Rules, "a discovery motion is any motion or other request to the court that seeks to enforce, use, regulate, extend, modify, nullify, or limit any of the procedures in any of Rules 26 through 37 of the Federal Rules of Civil Procedure or" the corresponding Local Civil Rules. Local Civil Rule 7.1(c)(1). Brown Clark's motion asks the court to order the SBI to release one of its reports "to all parties under the proposed Protective Order." D.E. 83 at 5. The response and reply then argue over the protective order's terms.

Protective orders are governed by Rule 26 of the Federal Rules of Civil Procedure. So since Brown Clark's motion seeks to use Rule 26 to facilitate disclosure of the SBI report, the motion qualifies as a discovery motion.

Given that Brown Clark's motion is a discovery motion, she is bound by the Local Rules governing them. *Muhammad v. Fleming*, -- F.4th --, 2022 WL 791419, at *4 n.6 (4th Cir. Mar. 16, 2022) ("Local rules are binding on the parties and the court that promulgated them."). Among those rules is a prohibition on filing reply briefs in connection with discovery motions. Local Civil Rule 7.1(g)(2) & 26.1(d)(3). Since the court did not authorize Brown Clark to file a reply brief, s*ee id.* Rule 1.1 ("A judge or magistrate judge, for good cause and in his or her discretion, may alter these rules in any particular case."), she violated the Local Rules by doing so.[1] The court thus grants the motion to strike (D.E. 87) and instructs the Clerk to strike D.E. 85 from the docket.

Dated: April 28, 2022

_____
Robert T. Numbers, II
United States Magistrate Judge

---

[1] The court also notes that Brown Clark's citations in her response in opposition to the motion to strike do not comply with the court's local rules. *See* Local Civil Rules 7.2(b). Counsel should ensure that future filings comply with that rule and the remainder of the Local Civil Rules.

2