IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 2:21-CV-00034-FL

| | |
|---|---|
| **Lillie Brown Clark**, as the Administrator of the Estate of Andrew Brown, Jr., <br><br> Plaintiff, <br><br> v. <br><br> **Daniel Meads**, et al., <br><br> Defendants. | **Order** |

The parties have asked the court to enter a protective order related to the North Carolina State Bureau of Investigation's criminal investigative file on the death of Andrew Brown, Jr. They want the court to compel the SBI to produce the report and impose conditions on its dissemination and use. The SBI does not oppose the parties' request.

There is good cause to grant the request. Under North Carolina law, the file is not a public record and can only be released under a court order. N.C. Gen. Stat. § 132-1.4(a). Since the SBI File's contents appear to be relevant to the claims and defenses in this case, the court will require the SBI to provide a copy to the parties.

North Carolina's courts have held that the state has a strong interest in the confidentiality of criminal investigative records like the SBI File. *See Gannett Pac. Corp. v. North Carolina State Bureau of Investigation*, 164 N.C. App. 154, 160, 595 S.E.2d 162, 166 (2004) (Wynn, J.). So while this order will provide for a limited disclosure of the SBI File, it is appropriate to restrict the use and dissemination of its contents to protect the State's interest. Thus the court grants the motion (D.E. 83) and orders as follows:

1. The SBI must provide counsel for both parties with a copy of SBI Criminal

Investigative File Number 2021-01180 no later than 7 days after entry of this order. The Clerk must serve a copy of this order on the Attorney General of North Carolina as well as legal counsel for the SBI.

2. Except as otherwise allowed by the court, documents contained within the SBI File as well as information and materials derived from it may be used only for prosecuting or defending this action.

3. The SBI File's contents may only be disclosed or disseminated to the following:

   a. The Court and its staff;

   b. The parties, their attorneys of record, and those providing material assistance to the attorneys of record in their legal work;

   c. Mediators;

   d. Consultants and technical experts involved in preparing this action;

   e. Court reporters, their transcribers, assistants, and employees;

   f. Any potential or actual deposition or trial witness if necessary to show all or a portion of the SBI File to the witness to elicit relevant testimony; and

   g. The jury.

4. Individuals or entities who have access to the contents of the SBI File as a result of this order may not show, convey, or reproduce any part of the SBI File or any extracts or summaries of it, to any individual or entity that is not authorized by law to have access to its contents.

5. Counsel for the parties must notify anyone who receives information or material from the SBI File of the terms of this Protective Order. Counsel must keep a record

of all persons to whom disclosures are made.

6. Counsel may provide a copy of all or part of the SBI File to its expert witnesses only after the expert agrees, in writing, to be subject to the terms of this order and the jurisdiction of this court for any proceedings related to violations of this order.

7. At the end of this action (including all appeals), all materials produced under this order (and any copies) must be destroyed by counsel or returned to the SBI for destruction.

8. Any filings containing documents from the SBI File or discussing its contents must be filed under seal unless otherwise ordered by the court. The filing party must comply with Local Civil Rule 79.2 on sealed documents. The parties must serve a copy of any filings required by Local Rule 79.2 on legal counsel for the SBI.

Dated: May 4, 2022

*Robert T. Numbers II*

Robert T. Numbers, II
United States Magistrate Judge