IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
Civil Action No. 2:21-cv-00034-JG

| | |
|---|---|
| LILLIE BROWN CLARK, as the Administrator for the Estate of Andrew Brown, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Investigator DANIEL MEADS, in his individual capacity; Deputy Sheriff II ROBERT MORGAN, in his individual capacity; Cpl. AARON LEWELLYN, in his individual capacity; Sheriff TOMMY S. WOOTEN II, in his official capacity; and WESTERN SURETY BONDING COMPANY, surety for Sheriff Tommy S. Wooten II, <br><br> Defendants. | **SETTLEMENT AND RELEASE OF ALL CLAIMS** |

1. By this Settlement and Release, plaintiff Lillie Brown Clark, the Administrator of the Estate of Andrew Brown Jr., on the day noted on the last page of this document, hereby releases, acquits, and forever discharges the defendants, and those individuals and entities specified herein, for any and all claims arising out of the death of Andrew Brown Jr. on April 21, 2021, in Elizabeth City, North Carolina.

2. The plaintiff is the Releasor and the individuals and entities described herein are the Releasees. The plaintiff hereby releases defendants Daniel Meads, Robert Morgan, Aaron Lewellyn, Sheriff Tommy S. Wooten II, and Western Surety

Company; and any and all current and former Sheriffs, deputy sheriffs, detectives, officers, officials, employees, and agents of the Pasquotank County Sheriff's Office, the Dare County Sheriff's Office, Pasquotank County, and Dare County, including but not limited to Steven Judd, Michael Swindell, Kenneth Bishop, Joel Lunsford, and Sheriff Doug Doughtie, who were defendants in the original Complaint filed by the plaintiff on July 14, 2021. The individual defendants are released in both their individual and official capacities.

3. The plaintiff makes this release with the full understanding and recognition of her claims against the defendants and individuals and entities released, and in consideration of the compromise of disputed claims, and does so in order to avoid further litigation and in consideration of the following two payments:

(a) TWO MILLION DOLLARS AND NO CENTS ($2,000,000.00) from an insurance policy provided to Pasquotank County by the North Carolina Counties Liability and Property Joint Risk Management Agency and administered by Sedgwick Inc., which payment shall be made by Sedgwick on behalf of the defendants; and

(b) ONE MILLION DOLLARS AND NO CENTS ($1,000,000.00) from Pasquotank County, subject to the approval by the Board of Commissioners of Pasquotank County for said expenditure and for said purpose, which payment shall be made by the Pasquotank County Finance Office.

4.     The above two payments, which are independent of each other, are subject to the restrictions set forth below and in settlement of claims for alleged injuries, costs, expenses, and attorney's fees, and are made on behalf of the defendants to the plaintiff, who will acknowledge receipt of the same. Said payments represent the entirety of the amounts of payment for settlement of this case. No other payment by any defendant or entity released herein has been or will be made to the plaintiff or anyone else. Said payments will be made within 30 days of the signing of this Release. It is hereby expressly stated that no compensation is being made or paid to the plaintiff for claims of lost wages or expenses, medical expenses, or punitive damages and that all compensation is for other alleged personal injuries of the plaintiff, the plaintiff's decedent, and the heirs of the plaintiff's decedent. In accepting these two payments, the plaintiff voluntarily and knowingly executes this release for the express intention of effecting the extinguishment of all rights or obligations herein designated. Further:

    a.     Within five business days of the signing of this Settlement and Release, Sedgwick Inc. and Pasquotank County, through the Defendants' undersigned counsel, will file for leave of court pursuant to Federal Rule of Civil Procedure 67 and seek an order permitting them to deposit said payments to the Court.

    b.     Sedgwick Inc. and Pasquotank County agree to make full payment into the registry of the Court within 15 days of the Court's order permitting deposit of said payments to the Court.

3

5. The plaintiff, by signing this Release, acknowledges that the payment by Sedgwick Inc. represents the limits of the insurance policy that Pasquotank County previously obtained for the relevant time period. The plaintiff also acknowledges that Pasquotank County would not be legally responsible for any amount for which the defendants might become liable above and beyond the limits of the insurance policy in the event that any judgment would be obtained against the defendants under the facts alleged in the Amended Complaint. The plaintiff acknowledges that there is no obligation under North Carolina law for Pasquotank County to make the payment being made in this case and that the county does so on behalf of the defendants solely to resolve this lawsuit and in furtherance of the best interests of the residents of Pasquotank County and in light of the unique circumstances justifying an expeditious resolution of this case. The plaintiff acknowledges that, under North Carolina law, including but not limited to <u>Clark v. Burke County</u>, 117 N.C. App. 85, 450 S.E.2d 747 (1994), the county is not the employer of the Sheriff and his deputy sheriffs and therefore may not be liable for their actions, nor may it be liable for any judgment beyond the limits of any insurance policy that the county has purchased for the Sheriff and his deputy sheriffs.

6. As a condition to the execution and enforceability of this Settlement and Release of All Claims, the plaintiff will enter into and file a Stipulation of Voluntary Dismissal with Prejudice of All Claims in this action, as provided for by the applicable rules, statutes, and case law, in the United States District Court for the Eastern

District of North Carolina, within the time set by the Court, which will approve this settlement by hearing with the agreement of the parties.

7. The plaintiff, for herself and the Estate, and their predecessors, successors, heirs and assigns, agents, servants, employees, and representatives, hereby releases, acquits, and forever discharges the defendants, individuals, and entities released herein and their predecessors, successors, heirs and assigns, agents, servants, officers, officials, appointees, employees, and personal and litigation attorneys of and from any and all claims, actions, or causes of action, demands, damages, costs, judgments, expenses, liabilities, attorney's fees, and legal costs, injunctive or declaratory relief, whether known or unknown, whether foreseen or unforeseen, whether in law or equity, whether in tort or in contract, including all claims, from whatsoever cause arising, or from whatsoever act or omission arising, which she now has, or might otherwise have, against the persons and entities released herein, all to the end that all claims or matters, that are, or might be, in controversy between the Releasor and the Releasees herein are forever put at rest. It is the plaintiff's clear intention to forever discharge and release all past, present, and future claims against the defendants and persons and entities herein released, for all consequences resulting, or potentially to result, from any and all claims occurring before the signing of this Release and arising out of the events alleged in the plaintiff's Complaint.

8. The plaintiff further acknowledges that the defendants, persons, and entities hereby released do not admit liability in this matter, and that payments and

5

settlements in compromise of disputed claims are made to terminate further controversy in respect to any and all claims that the plaintiff presently asserts, or might have asserted, because of the incidents complained of in the above-referenced lawsuit against the Releasees. The plaintiff understands that the current and previous defendants deny their liability in this matter and that they contend that their actions were not unlawful or improper.

9. It is understood and agreed to by the parties that the payment from this settlement of disputed claims are not to be construed as an admission of liability or waiver of sovereign/governmental immunity or public official's immunity on the part of the defendants and persons and entities released herein, and liability regarding such immunities is expressly denied and said immunities are asserted.

10. The plaintiff warrants that no representations about the nature or extent of any claims, demands, damages, or rights she has, or may have, against the persons and entities released herein have been made to her by anyone acting on her behalf to induce her to execute this Release and that she relies on no such representations; that she has fully read and understood this Release before signing it; that she acts voluntarily and with full understanding that she has the sound advice of counsel; that this Release contains the entire agreement between the parties hereto; and that the terms of this Release are contractual and not mere recital.

11. The plaintiff further agrees that she has read the foregoing Release, fully understands it, and, after having consulted with legal counsel, has voluntarily

executed it on the date written below, signifying her assent to and willingness to be bound by its terms.

12. The plaintiff agrees to indemnify, defend, and hold the following harmless from claims, liens, damages, conditional payments, and rights to payment, if she has any, and to pay any such liens from the proceeds of the settlement payment: the Defendants/Releasees and their employing agencies and entities; the Pasquotank County Board of Commissioners; the North Carolina Counties Liability and Property Joint Risk Management Agency, d/b/a NCACC Liability and Property Pool; and Sedgwick Inc., the Pool's third-party administrator, as well as any and all insurers or indemnity companies for the Defendants/Releasees.

13. The plaintiff agrees, as a condition to the enforceability of this Settlement and Release, that she and others acting on her behalf will not make any disparaging comments (whether directly or indirectly, or written or verbal) about the defendants or individuals or entities released herein about this matter and does so knowing that the defendants also agree that they will not make any disparaging comments about the plaintiff or the plaintiff's decedent about this matter.

14. The plaintiff agrees that she, and one or more of her attorneys, will jointly make a public statement, with Sheriff Tommy S. Wooten II, about the resolution of this case in front of the Pasquotank County Courthouse no later than within five days of approval of this agreement by the parties and the Court, and that neither party will make any statement about the resolution of this case until said joint public statement is made.

15. In the event that any portion or provision of this Release shall be found to be void or invalid, then such provision or portion shall be deemed to be severable from the remaining provisions or portions of this Release, and it shall not affect the validity of the remaining portions, which portions shall be given full effect as if the void or invalid provision or portion had not been included herein.

16. This Settlement and Release shall be governed by North Carolina law and any issue regarding its validity, construction, or operation shall be determined solely by the United States District Court for the Eastern District of North Carolina.

17. This release is the product of arms' length negotiations between the plaintiff and defendants, all of whom are represented by counsel. As such, the terms of this Release are mutually agreed upon, and no part of this Release will be construed against the defendants.

18. No amendment to or rescission, termination, cancellation, or discharge of this Release is effective unless it is in writing and signed by the plaintiff and defendants and their counsel.

IN WITNESS HEREOF, we set our hands and seal, on this 21 day of June, 2022.

**CAUTION – READ BEFORE SIGNING**

*(turn to next page)*

APPROVED:

_(signature)_
LILLIE BROWN CLARK
*Plaintiff*


Sworn to and subscribed before me this
the 21 day of June, 2022.

_(signature)_
Notary Public

My Commission Expires: 2/28/27
(SEAL)

*(Notary seal: AUSTIN P BRASWELL, NOTARY PUBLIC, WAKE COUNTY, NC)*

_(signature)_
Bakari Sellers
Harry M. Daniels
Chance D. Lynch
Chantel Cherry-Lassiter
*Attorneys for Plaintiff*

_(signature)_
Christopher J. Geis
*Attorney for Sheriff Tommy S. Wooten II*
*On behalf of Defendants and Releasees*