IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
2:21-CV-34-JG

| | |
|---|---|
| LILLIE BROWN CLARK, Administrator for the Estate of Andrew Brown, Jr., <br><br> Plaintiff, <br><br> v. <br><br> DANIEL MEADS, Investigator, in his individual capacity, et al., <br><br> Defendants. | **ORDER** |

Plaintiff shall file a reply to defendants' response (D.E. 120) to plaintiff's latest motion (D.E. 119) for attorneys' fees as soon as practicable, but in no event later than 29 July 2022. The reply should be supported by declarations or other evidence where warranted to support the motion.

While the reply must address the response comprehensively, of particular concern to the court is the absence from the record of evidence or legal citation supporting plaintiff's contention that plaintiff's counsel's "40% fee agreement is standard for civil rights litigation across the country due to complex civil rights litigation and hours of lawyers' services civil rights cases requires." Mem. Supporting Fee Mot. (D.E. 119-1) 6. Although addressed at the hearing in this case on 7 July 2022 (*see* D.E. 117), this contention was not asserted in the first two versions of the motion filed by plaintiff seeking attorneys' fees. *See* D.E. 111 ¶ 6; D.E. 114 ¶ 6.

The court also notes that while each of the four counsel of record for plaintiff provided their "normal" hourly rates in their statements supporting the motion, the approximate number of attorney hours expended that is provided is not for each of these lawyers individually, but

instead is the total number for their respective firms. *See* Sellers Aff. (D.E. 119-2) ¶¶ 5, 7; Daniels Decl. (D.E. 119-3) ¶¶ 9, 11; Chance Stmt. (D.E. 119-4) ¶¶ 5, 7; Cherry-Lassiter Stmt. (D.E. 119-5) ¶¶ 5, 7.[1] Further, there is no representation in argument or evidence regarding the ability of plaintiff to pay for attorneys' services at hourly rates. The hourly rates provided therefore appear to be of limited relevance.

The expenses claimed by plaintiff's counsel are stated as $41,832.52 in plaintiff's initial motion (D.E. 111 ¶ 6) for attorneys' fees, but subsequently as $43,428.77 (*see, e.g.*, D.E. 114 ¶ 6; D.E. 119-6). Plaintiff's reply shall explain this discrepancy. In addition, plaintiff shall explain the nature of the $6,000.00 expert expense listed among the expenses of Attorney Sellers' firm. *See* D.E. 114-3 at p. 3.

SO ORDERED, this 22nd day of July 2022.

James E. Gates
United States Magistrate Judge

---

[1] The documents filed as purported declarations of Attorneys Chance D. Lynch (D.E. 119-4) and Chantel Cherry-Lassiter (D.E. 119-5) do not contain the language required by 28 U.S.C. § 1746 to give them the effect of a sworn statement. If plaintiff wants the court to treat the statements in these documents as sworn statements, plaintiff must file revised versions containing the language required by § 1746 or bearing the appropriate notarial certification as having been attested to.

2

Case 2:21-cv-00034-JG   Document 126   Filed 07/22/22   Page 2 of 2