IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 2:21-CV-00034-JG

| | | |
|---|---|---|
| **Lillie Brown Clark**, as the Administrator of the Estate of Andrew Brown, Jr., | ) ) ) ) | |
| Plaintiff, | ) ) ) | **PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES** |
| v. | ) ) | |
| **Daniel Meads**, et al., | ) ) | |
| Defendants. | ) ) | |

NOW COMES Plaintiff by and through counsel, and, pursuant to Local Rule 7.1(g), reply to Defendants' response to Plaintiff's Motion for Attorney's Fees, and shows the Court the following:

DISCUSSION

Although the Defendants claim they take no position on whether this Court should approve their request for attorney's fees, the Defendants' response shows clear opposition to Plaintiff's motion for attorney's fees.

In their response to Plaintiff's motion for attorney's fees, the Defendants makes the extraordinary leap to conclude that the volume of discovery in this matter should be proof positive of time and labor Plaintiff's counsels expended in this

matter. While Plaintiff's counsel will not speculate on the strategies other attorneys/litigants employ in prosecuting civil actions on civil rights cases, Plaintiff's counsel always conducts a thorough investigation and fact gathering campaign before an action is brought to ensure validity and credence of all claims. Upon a cursory review of the Plaintiff's counsels detailed costs and expenses ledger (D.E. 114-3 pg. 1-8), this Court can readily deduce that Plaintiff's counsels expended a considerable amount of time in North Carolina before the commencement of this action. The aforementioned time was spent by counsel to investigate, ascertain credible facts and substantiate the validity of all claims before filing suit.

Additionally, this Court is aware that the "Shooting of Andrew Brown, Jr." garnered national and international attention. Moreover, a high profile happening such as this matter warrants seasoned attorneys who are experienced in litigating similar civil rights cases. In this matter, the Plaintiff's counsel shatters the experience necessary for litigating a civil rights case of this magnitude. While the Plaintiff's counsel has no desire to sound off to this Court all of their experience in litigating civil right cases, Plaintiff's counsels are compelled to highlight a snippet of their experience in litigating civil rights cases to this Court in response to the Defendants' counsel's misguided, unprofessional and disrespectful assertion that Plaintiff's counsels have little experience in litigating civil right cases. Contrary to the Defendants' ill guided claim, Plaintiff's undersigned counsel Harry M. Daniels, has

prosecuted approximately 50 civil rights cases in the United States District Courts and has settled countless civil rights cases pre-suit and post suit. [See Harry M. Daniels' Declaration] Notably, Mr. Daniels has successfully brought claims on behalf of other litigants within the Eastern District of North Carolina prior to this matter, where settlements were reached. [Id.] Ironically, Defendant Wooten's counsels Mr. Chris Geis and Sonny Haynes, were the defense counsel on both cases. *See Dominic Frank v. Sheriff Ernie Coleman*, et al, 4:19-cv-00090-BO; *also see Michael Sheppard v. Sheriff Ernie Coleman*, 4:19-cv-00086-D. [Id.] Additionally, Mr. Daniels has argued and filed briefs to the United States Court of Appeals representing appellants and appellees in use of force cases and other civil rights matters. [Id.]

At the time Andrew Brown, Jr. was killed, the nation was dealing with public protest and outrage surrounding killings of Ahmuad Aubrey, Breonna Taylor, and George Floyd. Notably, before the ink dried on the jury verdict form in the prosecution of Officer Derrick Chauvin--convicted killer of George Floyd, Andrew Brown, Jr. was killed by Pasquotank County Sheriff's Office deputies the day after Chauvin's conviction. This Court should be made aware that one of Plaintiff's retained counsel, Benjamin L. Crump, also represented the father of Ahmaud

Arbery[1], the family of Breonna Taylor[2], and the family of George Floyd[3]. Breonna Taylor's family reached a historical settlement with the City of Louisville, Kentucky in the amount of $12 Million dollars[4]. Additionally, George Floyd's family reached a historical settlement in the amount of $27 Million dollars with the City of Minnesota, Minnesota.[5]

Finally, Plaintiff's counsel of record Bakari Sellers, has served as counsel in numerous civil rights cases. Mr. Sellers served as counsel in *In re Black Farmers Discrimination*, l:08-mc-0511-PLF, a settlement was reached in the amount of $1.3 billion dollars. [See Bakari Sellers' Declaration] Mr. Sellers served as counsel for family members of the victims of the Mother Emmanuel Church shooting in Charleston, SC in a suit against the Department of Justice, a settlement was reached in the amount of $88 million dollars.[6] [Id.] Mr. Sellers served as counsel for inmates

---

[1] https://www.savannahnow.com/videos/news/2021/10/18/attorney-ben-crump-representing-ahmauds-father-marcus-arbery-addresses-media/8507203002/

[2] https://www.nbcnews.com/news/us-news/breonna-taylor-family-lawyer-blasts-grand-jury-decision-sham-proceeding-n1240907

[3] https://www.npr.org/2021/03/09/975414845/george-floyd-family-lawyer-ben-crump-trial-is-a-chance-for-justice

[4] https://www.reuters.com/article/us-global-race-usa-taylor-crump/behind-12-million-breonna-taylor-settlement-black-americas-attorney-general-benjamin-crump-idUSKBN2671NJ

[5] https://www.npr.org/2021/03/13/976785212/minneapolis-agrees-to-pay-27-million-to-family-of-george-floyd

[6] https://apnews.com/article/religion-shootings-south-carolina-columbia-massacres-bf74d1568bec6199712b3423f71fda9a

in one of the deadliest prison riots in America's history, a settlement was reached in the amount of $6 million dollars.[7] [Id.] The above examples highlight the realm of experience, dedication, skill, and ability that Plaintiff's counsels possess to prosecute complex civil rights cases such as this matter.

**A. 40% fee agreements are *reasonable* for civil rights cases across the country, due to complexity and hours required of lawyers' services to properly litigate such cases.**

In this matter, counsels of record for the Plaintiff, have submitted via declarations and affidavit, 1,610 attorney's hours. Plaintiff's counsels undoubtedly could have lost other employment due to the acceptance of this case which they took on a contingency fee basis. *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (noting that complex civil rights litigation "is lengthy and demands many hours of lawyers' services"). Plaintiff's counsels also faced a likelihood that they would receive virtually no return on the work they invested in the case. Further, contrary to the Defendants' argument that this case did not present any complex legal issue concerning the use of deadly force towards Andrew Brown, Jr.; this case presented a host of complicated issues including questions related to the Fourth Amendment, use of force, due process, qualified immunity, and governmental immunity.

---

[7] https://abcnews.go.com/Politics/wireStory/south-carolina-initial-6m-prison-riot-deal-78558111

Such complications compelled Plaintiff's counsels to retain and consult with Professor Geoffrey P. Alpert, an expert in law enforcement use of force and expert witness, surrounding the shooting death of Andrew Brown. Jr. (See Exhibit A, Geoffrey P. Alpert's Curriculum Vitae). Plaintiff's counsels paid Professor Alpert a $6,000.00 non-refundable fee to retain his services. (See Exhibit B, Geoffrey P. Alpert's Retainer Agreement). Further, the lack of transparency surrounding the shooting death of Andrew Brown, Jr, added an additional layer of complexity. Notably, not until suit was filed in this matter, Plaintiff's counsels ascertained access to the full unredacted body camera footage via North Carolina State Bureau of Investigations; and discovered what actually occurred on the date Andrew Brown. Jr. was killed.   Furthermore, this action has five named Defendants. Each Defendant is represented by different counsel(s). Any case that has multiple defendants, claims, and potential witnesses such as this matter, adds an additional layer of complexity. Finally, District Attorney Andrew Womble's public declaration that the shooting death of Andrew Brown Jr. was justified, added an additional layer of complexity.[8]

A forty percent (40%) contingency fee is reasonable in civil rights cases because it reflects the risk of nonrecovery the attorneys assumed in accepting civil rights cases. *See Venegas v. Skaggs*, 867 F.2d 527, 534 (9th Cir. 1989).

---

[8] https://www.cnn.com/2021/05/18/us/district-attorney-andrew-brown-jr-decision/index.html

Additionally, statutory awards equivalent to a 40% contingency fee have been upheld in a civil rights case even though the case had "settled precedent, and no defense of immunity" *See Hagge v. Bauer*, 827 F.2d 101, 110 (7th Cir. 1987) (40% contingency represented a reasonable fee under § 1988). Finally, the United States Supreme Court held that a civil rights attorney's customary 40% contingency fee did not place a ceiling on the amount of fees that an attorney could recover under the fee-shifting statute. *Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989)." 2015).

### B. The Degree of success obtained

The most critical factor in determining whether Plaintiff's counsels' 40% contingency fee is reasonable, is the degree of success obtained in this matter. *See Hensley*, 461 U.S. at 436. The primary goal in bringing this action, was to secure the present needs and financial future of Andrew Brown, Jr.'s legitimate children. Plaintiff's attorneys were able to negotiate a $3 million dollar settlement despite the fact the Defendants were only insured for $2 million dollars under an eroding insurance policy. Additionally, the Plaintiff has presented to this Court a proposed structured settlement annuity for the minor legitimate children of Andrew Brown, Jr. (see D.E. 123 pg. 1-5.) The annuity establishes financial security for the minor legitimate children upon reaching the age of majority. (see D.E. 123 pg. 1-5.) Further, the Plaintiff has presented to this Court that a portion of the settlement will be placed in an interest-bearing trust account and maintained by a professional trust

7

company. The trust account is for the purpose of purchasing a home for the minor legitimate children of Andrew Brown, Jr., maintaining health insurance for the minor legitimate children of Andrew Brown, Jr., and other basic needs for the minor legitimate children of Andrew Brown, Jr. When taking the proposed structured settlement and proposed trust for the minor legitimate children of Andrew Brown, Jr. into consideration, the minor legitimate children of Andrew Brown, Jr, will ultimately be distributed more than half of the present-day settlement amount of $3 million dollars. The settlement also provides immediate financial support for Andrew Brown, Jr.'s adult legitimate children as well.

Despite the challenges, the attorneys for the family of Andrew Brown Jr. successfully secured a settlement above the policy limits, avoided the effects of an eroding insurance policy, and mitigated the suffering of the minor and adult children of Andrew Brown Jr. with financial security for years to come. Plaintiff's attorneys achieved a very successful outcome for the beneficiaries of Andrew Brown, Jr. Therefore, Plaintiff's 40% contingency fee is reasonable.

**C. Plaintiff's counsels' collective costs and expenses is $43,428.77**

The expenses claimed by Plaintiff's counsel of $41,832.52 in Plaintiff's initial motion was a miscalculation. Plaintiff's costs and expense are accurately reflected in D.E. 114-3 pg. 1-8, in the amount of $43,428.77**.**

8

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Honorable Court grant her motion for attorney's fees, costs, and expenses.

Respectfully submitted this the 29th of July 2022.

/s/ Harry M. Daniels
Harry M. Daniels
The Law Offices of Harry M. Daniels, LLC
233 Peachtree St. NE Ste. 1200
Atlanta, GA 30303
Tel. 678.664.8529
daniels@harrymdaniels.com
Georgia Bar No.: 234158

Special Appearance of counsel for Plaintiff in the above-captioned matter, in accordance with Local Civil Rule 83.1(d).

/s/ Chantel Cherry-Lassiter
Chantel Cherry-Lasiter
CCL LAW OFFICE, PLLC
1851 W. Ehringhaus St. #136
Elizabeth City, NC 27909
Tel. 252.999.8380
Fax. 252.999.8381
chantelcherrylassiter@ccllaw.org
NC Bar No.: 54345

Local Counsel Rule 83.1(d) Counsel for Plaintiff.

/s/ Chance D. Lynch
Chance D. Lynch
LYNCH LAW, PLLC.
1015A Roanoke Ave. Suite A
Roanoke Rapids, NC 27870

Tel. 252.507.0110
Fax. 252.565.0102
chancelynch@lynchlaw.org
NC Bar No.: 39872

Local Counsel Rule 83.1(d) Counsel for Plaintiff

/s/ Bakari T. Sellers
STROM LAW FIRM
6923 N. Trenholm Road
Columbia, SC 29206
Tel. 803.252.4800
bsellers@stromlaw.com
South Carolina Bar No.: 79714

Special Appearance of counsel for Plaintiff in the above-captioned matter, in accordance with Local Civil Rule 83.1(d).

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 29, 2022, I electronically filed the foregoing PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Christopher J. Geis
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston Salem, NC 27101
336-721-3543
Fax: 336-726-2221
Email: Chris.Geis@wbd-us.com

Ripley Eagles Rand
Womble Bond Dickinson (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27602
919-755-8125
Fax: 919-755-6752
Email: Ripley.Rand@wbd-us.com

Sonny S. Haynes
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3600
Email Sonny.Haynes@wbd-us.com

Dan McCord Hartzog , Jr.
Hartzog Law Group LLP
2626 Glenwood Avenue, Suite 305

11

Raleigh, NC 27608
919-480-2450
Fax: 919-480-2450
Email: dhartzogjr@hartzoglawgroup.com

Katherine Barber-Jones
Hartzog Law Group LLP
2626 Glenwood Avenue, Suite 305
Raleigh, NC 27608
919-424-0091
Fax: 919-424-0091
Email: kbarber-jones@hartzoglawgroup.com

Frederick Hughes Bailey, III
Sumrell Sugg
416 Pollock Street
New Bern, NC 28560
252-633-3131
Fax: 252-633-3507
Email: fbailey@nclawyers.com

Ryan David Eubanks
Sumrell Sugg
416 Pollock Street
New Bern, NC 28560
252-633-3131
Fax: 252-633-3507
Email: reubanks@nclawyers.com

Scott C. Hart
Sumrell Sugg
416 Pollock Street
New Bern, NC 28560
252-633-3131
Fax: 252-633-3507
Email: shart@nclawyers.com

Norwood P. Blanchard , III
Crossley McIntosh Collier Hanley & Edes, PLLC
5002 Randall Parkway

Wilmington, NC 28403
910-762-9711
Fax: 910-256-0310
Email: norwood@cmclawfirm.com

/s/Harry M. Daniels
Harry M. Daniels
The Law Offices of Harry M. Daniels, LLC
233 Peachtree St. NE, Ste. 1200
Atlanta, GA 30303
Tel. 678.664.8529
Fax. 800.867.5248
daniels@harrymdaniels.com
Georgia Bar No.: 234158